INDUSTRIAL QUIMICA DEL NALON, S.A., AS SUCCESSOR TO ASTURQUIMICA, S.A., PLAINTIFF *v.* UNITED STATES, C. WILLIAM VERITY, SECRETARY OF COMMERCE, JAN MARES, DEPUTY ASSISTANT SECRETARY FOR IMPORT ADMINISTRATION, AND WILLIAM VON RAAB, COMMISSIONER OF CUSTOMS, DEFENDANTS

Court No. 88-07-00492

(Decided May 17, 1993)

*Kaplan, Russin and Vecchi (Dennis James, Jr.* and *Kathleen F. Patterson)* for plaintiff.
*Whitman & Ransom (Dennis James, Jr.* and *Kathleen F. Patterson)* for plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *(Jane E. Meehan), (Dianne McDevitt,* Attorney-Advisor, U.S. Department of Commerce, Of Counsel) for defendants.

## OPINION

MUSGRAVE, *Judge:* On June 8, 1992, defendant in the above-captioned matter filed its "Result of Redetermination Pursuant To Court Remand," *Industrial Quimica del Nalon v. United States,* 16 CIT 84, Slip

Op. 92–17 (CIT February 28, 1992)." In accordance with the Court's order, The Department of Commerce, International Trade Administration ("Commerce" "Department" or "ITA") reopened the record and allowed Industrial Quimica del Nalon ("IQN") to submit information not previously on the record to substantiate its claim for technical service expenses incurred in support of home market sales of potassium permanganate. In its redetermination, Commerce concluded that IQN was still unable to substantiate its claim that two technicians spent 100 percent and 50 percent of their time, respectively, in rendering technical services. Accordingly, Commerce denied once again the salary portion of IQN's claimed technical services adjustment.

On June 19, 1992, plaintiff wrote the Court to express its disagreement with the remand results but also to advise the Court that it could not expend further resources on the matter. Plaintiff stated that it would not oppose further remand and restated by incorporation its position on the salary adjustment set out in plaintiff's prior filing, "Comments on Remand Results" filed with the Court on September 23, 1991.

In the "Comments on Remand Results" filed with the Court on September 23, 1991, IQN contended that the ITA's denial of an adjustment for the technicians' salaries was unreasonable and not supported by substantial evidence on the record. To the contrary, IQN argued that the ITA staff conducted extensive interviews with the two technicians and asked for select documents, not all of them. IQN argued that the mere fact that no single document or compilation of documents reflect "percentages" of time worked in areas that qualify for adjustment was no reasonable basis to reject *in toto* the existing evidence that one technician spent the bulk of his time in support of home market sales and that the other spent approximately half his time, or at least a meaningful amount, in support of home market sales. "Despite the Court's recognition that a company using its very best efforts may not be able to provide perfect written documentation, ITA still continues to find the evidence on the record, (which consists of the above-mentioned affidavits by the technicians and selected trip reports) insufficient. *Plaintiffs Comments on Remand Results of September 10, 1991 Redetermination based on Industrial Quimica del Nalon v. United States,* 15 CIT 240, Slip Op. 91–43 (CIT May 24, 1991) at 9. Plaintiff was referring to the Court's comment that "Commerce's desire to obtain documentation should not fly in the face of established business practice, and should not be transformed into a do-or-die requirement." *Industrial Quimica del Nalon v. United States,* Slip Op. 91–43 at 5–6. The Court subsequently ordered the ITA to accept and consider additional information provided by IQN that had been rejected regarding the technical services. *See Industrial Quimica del Nalon v. United States,* Slip Op. 92–17 (CIT February 28, 1992).

In addition to the dispute over what was required to meet plaintiff's burden of proof and whether less than total proof of the time spent claimed (respectively 100 percent and 50 percent) justified a total denial of all salary deductions for those services, IQN argued that the portion,

if any, of the technicians services that was deemed "good will," and therefore not qualified for a salary deduction, was clearly deductible as a circumstance of sale adjustment under Title 19 C.F.R. § 353.15(b) (1986).

The Court will first address the issue of the sufficiency of the existing documentation. "This Court ordered that 'ITA shall grant an adjustment for technical service expenses incurred by Industrial Quimica Del Nalon (IQN) in support of home market sales of potassium permanganate (PP), *provided IQN can document* that the two technicians performed such services one hundred percent and fifty percent of the time, respectively.'" *Slip Op. 92–17 citing Amended Order, dated June 12, 1991, at 1 (emphasis added in Slip Op. 92–17).*

In denying an adjustment for technicians' salaries, the ITA found that "the evidence on the record indicates that a meaningful, but, indeterminate amount of the technicians' time and services was directed toward goodwill and future sales." *Remand Results of September 10, 1991 at 2* (relying on *Rhone-Poulenc v. United States,* 592 F. Supp. 1318 (CIT 1984)). Both job descriptions and the two worker's ITA staff verification interviews indicate that two technicians were hired to and in fact did spend *some* time with Spanish wholesale customers of IQN, explaining to those wholesalers and those wholesalers' customers the benefits of IQN's product, potassium permanganate. IQN characterized the services as technical assistance. The ITA characterized the services to IQN's customers' customers as "good will," suited to advertising rather that technical services. However, the ITA's rationale for its characterization, relying on *Rhone-Poulenc,* was refuted in Slip Op. 91–43 at 4.

Pursuant to the latest remand,[1] plaintiff entered affidavits from the two workers. *See Plaintiff's Submission of Additional Documentation of July 22, 1991 (Attachment I).* One worked "about half the time" (English translation) providing technical assistance according to his affidavit. The other provided "technical assistance to customers of Asturquimica." (English translation). "Part of the assistance was given to customers or potential customers among the wholesale customers * * *" of IQN. The Court may presume that this second worker is the employee for whom IQN claimed 100 percent of the salary adjustment. *See general id.*

Despite the affidavits and the previously submitted evidence from the staff interviews and trip reports, the ITA remained adamant in its view that not enough evidence had been offered for it to discern what amount of time had been spent on "good will" and what time had been spent on technical services. Therefore, in barely four pages of analysis, the ITA again denied the salary portion of IQN's claimed technical services adjustment.

---

[1] The Court remanded the Department determination in the 1986 Administrative review of potassium permanganate from Spain and provided that respondent "IQN shall have sixty days from the date of this order to submit any information it wants ITA to consider in determining the technical services adjustment." *See* Order accompanying Slip Op. 92–17.

The Court has noted that affidavits are suitable where business documents substantiating the claim are not likely to exist or are not readily available. Slip Op. 91–43 at 6 (CIT May 24, 1991). Although the affidavits do represent that all and half of the time for the two workers respectively was spent on technical services, that claim is at least somewhat rebutted by the job descriptions and the staff interviews.

Whereas the government has shown some intransigence with respect to the Court's prior opinions in this matter, the Court is wary of stepping into the shoes of the ITA verification team to determine what those workers actually did. The Court is equally wary of stepping into the shoes of IQN's litigators, now that those litigators have been withdrawn for lack of funds, with regard to IQN's other contentions.

Therefore, upon due consideration and with some reluctancy, the Court accepts the ITA's conclusion in its June 8, 1992 "Results of Redetermination Pursuant to Court Remand," *Industrial Quimica Del Nalon v. United States,* Slip Op. 92–17 (CIT February 28, 1992), to deny the salary portion for IQN's claimed technical services adjustment. This matter is hereby dismissed.